**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1891**

SERVICE PUMP & SUPPLY CO., INC.,

Plaintiff - Appellee,

v.

SUN INDUSTRIES, LLC; TOBY BERTHELOT,

Defendants - Appellants.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:18-cv-00976)

Submitted:  March 24, 2020                    Decided:  April 16, 2020

Before GREGORY, Chief Judge, and KEENAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald M. Titus, III, James E. Simon, SPILMAN, THOMAS & BATTLE, PLLC, Charleston, West Virginia, for Appellants.  Clayton James Maddox, GREENE, KETCHUM, FARRELL, BAILEY & TWEEL, LLP, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After being retained to aid disaster relief efforts in the aftermath of Hurricane Irma, Sun Industries, LLC ("Sun"), leased two dozen generators from Service Pump & Supply ("Service Pump"). Critically, the lease agreement—memorialized only in email exchanges between the parties' representatives—neglected to establish the duration of the lease, though it did make reference to a monthly rental rate of approximately $139,000.[1] When Sun returned the generators roughly two weeks later, Service Pump advised Sun that the contract required, at minimum, payment of a one-month rental fee. Sun disagreed, insisting that it owed only for the time it possessed the generators. As a result, Service Pump filed the instant breach of contract suit.

In cross motions for summary judgment, the parties disputed whether the agreement contained a one-month minimum lease term. The district court, however, found this issue irrelevant because, in the court's view, the parties had clearly agreed to a total lease price, regardless of the length of the lease. Thus, the court determined that, under the terms of the agreement, Sun owed Service Pump $139,104. The court further determined that Sun's president, Toby Berthelot, was personally liable for this debt based on a credit application he signed on behalf of Sun. Sun and Berthelot (collectively, "Defendants") timely appealed, and for the reasons that follow, we affirm.

---

[1] Initially, Service Pump asked for a $10,000, deposit, plus an additional $129,000, by the end of the week. In response, Sun agreed to the deposit amount but asked for 30 days from receipt of the generators to satisfy the remaining balance. Thereafter, Service Pump proposed, and Sun accepted, a payment schedule of "$35,000 (25%)" upfront, to be followed by weekly invoices.

2

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Defendants contend that, because the lease term was not included in the agreement, the district court should have applied the statute of frauds' gap-filling provisions, which would have led the court to determine both the correct lease term and the related amount due. In other words, Defendants seek to marry the lease price to the lease term, suggesting that the cost of the lease necessarily depended on its duration. However, we discern nothing in the pertinent statute of frauds, W. Va. Code Ann. § 46-2A-201 (LexisNexis 2007), that supports this argument.[2] Although Defendants understandably seize on the agreement's omission of the lease term, they cannot use this oversight to disturb a separate, unambiguous part of the contract. Thus, we conclude that the district court properly granted summary judgment to Service Pump on its breach of contract claim.

Next, Berthelot challenges the district court's determination that the credit application made him personally liable for the balance owed on the lease agreement. However, the clear language of the application provided that Berthelot was signing both as

---

[2] Indeed, § 46-2A-201 merely describes how to supply a missing lease term; it does not indicate that the absence of a lease term necessarily affects the price of the lease.

3

an authorized officer of the applicant, Sun, and as a personal guarantor of Sun's indebtedness to Service Pump. Like the district court, we are unpersuaded by Berthelot's attempts to complicate this straightforward provision.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*